H. Y. McCord, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

E. M. Hudson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Ida B. Summers, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Citizens & Southern National Bank, Trustee, Frank B. Coleman Trust, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Catherine M. Williamson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 65680–65682, 65738, 65888. Promulgated October 16, 1934.

*Theodore B. Benson, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

## OPINION.

Sternhagen : The petitioners were shareholders of the McCord-Stewart Co., a Georgia corporation. In 1928 and 1929 they received distributions of securities which were among the corporation's assets. The Commissioner treated the distributions as a dividend and, by taxing it all in 1929, determined deficiencies for that year as follows:

H. Y. McCord, $20,334.40; E. M. Hudson, $5,100.17; Ida B. Summers, $65.86; Coleman Trust, $518.86; and Catherine M. Williamson, $117.48. The facts are stipulated in more detail than it is necessary to set forth, and the question at issue is common to all the petitioners as shareholders.

The corporation's earned surplus on March 1, 1913, was $196,766. In 1923 it increased its stock to 4,000 common shares by a stock dividend of 3,000 shares, thus capitalizing $300,000 of its surplus. In 1928 it reduced its common to 500 shares and to its shareholders *pro rata* it issued 750 shares of 7 percent cumulative preferred. At the same time and as part of the same plan it resolved to distribute its assets in excess of the $125,000 capital stock, which was all its business was thereafter expected to need. The assets were to be and were distributed partly in 1928 and partly in 1929.

It seems clear that the change in capital structure from 4,000 common shares to 500 common and 750 preferred was a recapitalization, and therefore within the statutory definition of reorganization, Revenue Act of 1928, sec. 112 (i) (1) (C). *Kistler* v. *Burnet*, 58 Fed. (2d) 687; *Walter F. Haass*, 29 B. T. A. 900; *H. E. Muchnic, Administrator*, 29 B. T. A. 163; *375 Park Avenue Corp.*, 23 B. T. A. 969. The gain or loss involved in such reorganization is only to be recognized if section 112 provides for recognition. By subsection (b) (3), an exchange of stock for stock in reorganization involves no recognition of gain or loss, and by subsection (c) (1), if such an exchange also brings money or property, the gain is recognized, limited by the money or value of the property. These subsections, however, apply to *exchanges*, and there is nothing to indicate whether the word exchange is to be so broadly construed as to include every instance where, irrespective of the terms or circumstances thereof, a shareholder gives up shares and comes out of the arrangement with other shares or something else. Cf. *Edison Securities Corp.*, 29 B. T. A. 483.

The present record indicates that the assets distributed out of corporation's surplus were not received by way of exchange for the shares surrendered or by way of liquidation of the capital stock; but were, after the recapitalization, a division among the shareholders of the corporation's surplus. That is a dividend, as defined in section 115 (a). For income tax purposes, the $300,000 which had been capitalized by the stock dividend of 1923 was still surplus, the distribution of which was a dividend. *Hugh R. Wilson*, 3 B. T. A. 957; *J. T. Hedrick*, 24 B. T. A. 444; *J. W. McCulloch*, 29 B. T. A. 67. No question arises under section 115 (g) because, as we have seen, the cancellation of outstanding shares was not for cash, but only in exchange for new common and preferred shares.

But if it were such a distribution as could be called an exchange under section 112 (c) (1), it would nevertheless have the effect of a taxable dividend and hence, by subsection (c) (2), be taxed as such. That subsection has been applied broadly enough to embrace the present circumstances. *Commissioner* v. *Owens*, 69 Fed. (2d) 597; *John S. Woodard*, 30 B. T. A. 1216.

Being taxable as a dividend, and having been received in 1928 and 1929 in accordance with its terms, we see no reason to tax it all in 1929. Only the amount distributed to each shareholder in 1929 should be taxed in that year, and such tax should be that applicable to an ordinary dividend.

*Judgment will be entered under Rule 50.*